1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9

LAWRENCE D. WILLIAMS,                    CASE No. 1:13-cv-0185-AWI-MJS (PC)

10

11                                                      FINDINGS AND RECOMMENDATION FOR
                        Plaintiff,               DISMISSAL OF PLAINTIFF'S ACTION
12                                                      WITHOUT PREJUDICE FOR LACK OF
         v.                                             SUBJECT MATTER JURISDICTION
13

14      BOBBY GLENN WILSON,                    (ECF No. 1)

15                                                      OBJECTIONS DUE WITHIN THIRTY (30)
                                                        DAYS
16                      Defendant.
        _____/
17
18
19      **I.      PROCEDURAL HISTORY**
20
            Plaintiff Lawrence D. Williams ("Plaintiff") initiated this action by filing a pro se
21
22      Complaint on February 6, 2013.  (ECF No. 1.)  Plaintiff's Complaint is before the Court for
23      screening.
24      **I.      SCREENING REQUIREMENT**
25
            The in forma pauperis statute provides that "the court shall dismiss the case at any
26
27      time if the court determines that . . . the action or appeal . . . fails to state a claim upon

-1-

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted

inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal

quotation marks and citation omitted).  While factual allegations are accepted as true, legal

conclusion are not.  Iqbal, 556 U.S. at 678-679.

III.   **SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff is incarcerated in the Fresno County Jail.  Plaintiff names Bobby Glenn

Wilson as the sole defendant in this action.

Plaintiff's allegations are as follows:

Plaintiff was arrested in October 2011 for assault.  (Compl. at 2.)  Plaintiff has been

incarcerated since then.  (Id.)  In October 2012, Plaintiff was informed by Citibank that

Defendant Wilson had withdrawn Plaintiff's savings under false pretenses.  (Compl. at 2.)

Defendant Wilson claimed he was hiring an attorney for Plaintiff and took Plaintiff's Social

Security money from his savings account.  (Id.) Plaintiff wishes to prosecute Defendant

Wilson for stealing his savings under false pretenses.  (Compl. at 2.)

III.   **ANALYSIS OF PLAINTIFF'S COMPLAINT**

A.   **Pleading Requirements Generally**

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 1955 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## B.    No Subject Matter Jurisdiction

The district court is a court of limited jurisdiction and is not empowered to hear every dispute filed by litigants.  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); A–Z Int'l. v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003).  The district court "possess[es] only the power authorized by Constitution and statute," and may only adjudicate claims raising federal questions or involving parties with diverse citizenship. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears."  A–Z Int'l, 323 F.3d at 1145.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); see Saini v. U.S. Citizenship and Immigration Services, 553 F.Supp.2d 1170, 1172 (E.D. Cal. 2008), citing Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594–95 (9th Cir. 1988) ("[L]ack of subject-matter jurisdiction is never waived and may be raised by either party or the court at any time"); see also Bernstein v. Universal Pictures, Inc., 517 F.2d 976, 979 (2d Cir.

-3-

1975) ("[L]ack of [subject-matter] jurisdiction is so fundamental a defect that [Fed. R. Civ. P. 12(h)(3) ] permits a judge to recognize it sua sponte at any time"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("[Federal courts are required] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined"); Kantor v. Wellesley Galleries, Ltd. 704 F.2d 1088, 1092 (9th Cir. 1983) (any doubt as to whether jurisdiction exists is normally resolved against a finding of such jurisdiction.).

1.    Federal Question

Construing the allegations of the Complaint most favorably to the Plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),[1] it does not allege facts demonstrating federal question jurisdiction arising under the United States Constitution, treaties, federal statutes, administrative regulations or common law.  28 U.S.C. § 1331. Plaintiff appears to be alleging a claim under tort law.  No federal or state involvement is either apparent or alleged.

Plaintiff has not demonstrated federal question jurisdiction.

2.    Diversity

Construing the allegations of the Complaint most favorably to the Plaintiff, Scheuer, 416 U.S. at 236, Plaintiff fails to allege facts supporting diversity jurisdiction. 28 U.S.C. § 1332.  Diversity jurisdiction refers to federal court subject matter jurisdiction over claims exceeding $75,000 between citizens of different states or citizens of a state and a foreign state.

---

[1] Abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

The Defendant is not alleged to be diverse.  Plaintiff alleges no facts suggesting diversity as to the Defendant.

Plaintiff puts a total claim of $4,148.57 in controversy.  This falls short of the $75,000 jurisdictional threshold.

Plaintiff has not demonstrated federal diversity jurisdiction.

### C.    No Supplemental Jurisdiction

The Court notes that, in the absence of federal subject matter jurisdiction, there is no supplemental jurisdiction over Plaintiff's alleged state law claims.  Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

## IV.    CONCLUSION AND RECOMMENDATION

Construing the allegations of the Complaint favorably to the Plaintiff, the claims asserted do not demonstrate a basis for federal subject matter jurisdiction.  Accordingly, the Court hereby RECOMMENDS that this action be DISMISSED without prejudice for lack of subject matter jurisdiction.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1)(B–C) and Rule 304 of the Local Rules for the United States District Court, Eastern District of California.   Within thirty (30) days after being served with these Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's

order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.


Dated:    March 16, 2013             /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE